# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ELAINE A. DOWLING, BAR NO. 8051.

No. 83817

**FILED**

JAN 14 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Elaine A. Dowling. Under the agreement, Dowling admitted to violating RPC 1.7(a) (conflict of interest: current clients), RPC 1.8(h)(1) (conflict of interest: current clients: specific rules), RPC 2.4 (lawyer serving as a third-party neutral), RPC 4.1 (truthfulness in statements to others), and RPC 8.4(c) (misconduct). She agreed to a six-month suspension stayed during a two-year probationary period with conditions.

Dowling has admitted to the facts and violations as part of her guilty plea agreement. The record therefore establishes that she violated the above-cited rules by failing to disclose she was not a third-party neutral when acting as an escrow agent for a transaction between her client and an unrepresented non-client, by failing to timely inform the non-client to seek independent counsel, by limiting her liability in the escrow agreement, and by passing along incorrect information in response to the non-client's request for assurances that Dowling's client would fulfill the underlying contract.

22-01489

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Dowling admitted that she knowingly violated duties owed to the public and to the profession. The non-client suffered injury by Dowling not advising it to seek independent counsel before entering into the escrow agreement, which allowed for immediate payment of the funds placed in escrow to Dowling's client and purported to limit Dowling's liability. The baseline sanction for such misconduct, before considering aggravating or mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.32 (Am. Bar Ass'n 2018) (providing that suspension is appropriate "when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client"). The record supports the panel's findings of one aggravating circumstance (substantial experience in the practice of law) and one mitigating circumstance (absence of selfish or dishonest motive). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend Elaine A. Dowling for six months, stayed during a two-year probationary period subject to the following conditions: Dowling participate in a legal practice mentoring

program; she participate in a Nevada Lawyer Assistance Program evaluation and all recommended follow-up; she take eight additional CLE credits in law practice management, one of which must be on the topic of engagement agreements; she cease all business relationships with former Nevada attorney Shawn Hackman; and she not engage in any conduct that results in a letter of reprimand or more severe discipline. Dowling shall also pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order, if she has not done so already. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc: Chair, Southern Nevada Disciplinary Board
Pitaro & Fumo, Chtd.
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A